

# Fourth Court of Appeals
## San Antonio, Texas

### CONCURRING OPINION

No. 04-15-00004-CV

**IN THE INTEREST OF A.A**. and A.A.I.

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2014-PA-00255
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:  Karen Angelini, Justice
Concurring Opinion by:  Rebeca C. Martinez, Justice

Sitting:  Karen Angelini, Justice
Patricia O. Alvarez, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  July 1, 2015

I am in full agreement with the majority opinion, but write separately to emphasize what the Supreme Court has long recognized as not only the statutory right to counsel in parental termination proceedings, but effective counsel. *See* TEX. FAM. CODE ANN. § 107.013 (West 2014); *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). In every case, the trial court, after appointing counsel, is best-positioned to recognize when counsel's obligations as an officer of the court fall short for failing to appear at scheduled hearings. The court is also best situated to question whether counsel's failure to appear on behalf of a parent whose rights are sought to be terminated risks depriving the parent of a fair trial.

Because the trial court *shall* appoint an attorney to represent the interests of a parent in a termination case, and that parent has a right to *effective* assistance of competent counsel, a trial court is cautioned against proceeding to enter rulings where appointed counsel wholly fails to

appear on behalf of their client, without regard to a showing of prejudice. *See In re J.M.O.*, 459 S.W.3d at 90, 93-94 (Tex. App.—San Antonio 2014, no pet.). It is difficult to imagine that any court can regard the performance of an attorney, one appointed by the court itself to serve in our civil parental-rights termination proceedings, and who then fails to appear at a scheduled hearing, each significant, as within the range of reasonable professional assistance. "Both the parent and the child have a substantial interest in the accuracy and justice of a decision." *In re M.S.*, 115 S.W.3d at 547. The interests involved in parental-rights termination cases, including those held by the State, the parent and the child, are fundamental. When the court appoints counsel to protect those interests, yet fails to demand at a minimum counsel's appearance in court before conducting a proceeding that will permanently and irrevocably affect the rights of a parent and child, it ostensibly contributes to the "risk of erroneous deprivation" that is "unacceptable." *Id*. at 549. To expect less than what is required at a minimum by our rules of professional conduct, notwithstanding the service entrusted by the court upon appointed counsel, is for the court to suffer a tolerance for less than competent and diligent representation and a risk of rendering a presumptively unreliable result.

Rebeca C. Martinez, Justice